Filed 4/27/21  P. v. Brandenburg CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. MICHAEL WAYNE BRANDENBURG, Defendant and Appellant. | F079931 (Super. Ct. No. F19901296) **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Adolfo M. Corona, Judge.

Elizabeth Campbell, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Angelo S. Edralin, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P.J., Smith, J. and Snauffer, J.

On March 13, 2019, Michael Wayne Brandenburg was charged in count 1 with felony identity theft (Pen. Code, § 530.5, subd. (a))[1], in count 2 with felony forgery (§ 475, subd. (c)); in count 3 with misdemeanor identity theft (§ 530.5, subd. (c)(1)), and in count 4 with misdemeanor shoplifting (§ 459.5, subd. (a)). It was further alleged that Brandenburg served four prior prison terms (§ 667.5, subd. (b)). On May 16, 2019, Brandenburg pled not guilty and denied the associated allegations.

On August 7, 2019, pursuant to a negotiated plea, Brandenburg entered a plea of no contest to count 2, forgery, and admitted to serving two prison priors. On September 4, 2019, the trial court sentenced Brandenburg to the middle term of two years and ordered that the two prison priors be stricken.

On appeal, Brandenburg contends that the trial court failed to suspend proceedings to hold a competency hearing under section 1368. We affirm, but remand for the limited purpose of amending the abstract of judgment to accurately reflect the oral pronouncement of sentence.

## STATEMENT OF THE FACTS[2]

On October 15, 2018, Brandenburg walked into a bank and fraudulently cashed a check belonging to another customer, Eloise B. The check was made out to Brandenburg for $118, but the "pay to" line was not legible. Brandenburg provided information in addition to his right thumbprint and the teller gave Brandenburg $113, as there was a $5 check cashing fee.

Later that day, Eloise B. called the bank to report that she had lost two checks earlier in the day, one of which contained the same check number as the one Brandenburg cashed. In April of 2019, Brandenburg was arrested on an unrelated matter.

## DISCUSSION

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] The statement of facts is taken from the Probation Report.

## I.    FAILURE TO HOLD A COMPETENCY HEARING

Brandenburg contends that the trial court should have suspended proceedings under section 1368 to hold a competency hearing, based on his counsel's statement to the trial court that he was on medication for mental health issues, his answers at sentencing and the prosecutor's subsequent request to hold a section 1368 hearing.  We do not agree.

*Background*

On August 7, 2019, at the time Brandenburg entered his plea, the trial court questioned Brandenburg at length.  To each question, Brandenburg stated that he agreed or understood that he was waiving his right to trial and admitted the allegations.  The trial court then found that Brandenburg had "expressly, knowingly, understandingly, intelligently waived [his] statutory and constitutional rights, that [his] plea is freely and voluntarily made with the understanding of the nature of the charges, as well as the consequences of [his] plea."  He also agreed to the stipulation of restitution to the victim in the amount of $118.

At sentencing on September 4, 2019, the trial court stated that it had thoroughly read the probation report and considered a letter it had received from Salvation Army offering a six-month residential therapy program.  Defense counsel argued that Bradenburg's crimes were not crimes of violence, that he had a lengthy history of drug and alcohol abuse at the root of his problems and asked for probation or a treatment program such as that offered by the Salvation Army.

The trial court stated that it was "going to stay" with the indicated two years and could not "in good conscious" give Brandenburg probation.  While it agreed that he had an issue with drugs or alcohol, "the theft issue is overwhelming in this analysis."

Brandenburg then asked if he could address the trial court and asked if he could get a "suspended sentence" and get a "chance at this program" because his parents were close to dying and he wanted to prove to them that "they didn't fail as a parent."

Brandenburg stated that if he did not complete the program then the trial court "can double the term."

The trial court responded that Brandenburg had had "opportunity every single year to get this thing under [his] belt," but that his "record has grown a little tired." Stating it wanted to do the right thing, the trial court stated it would not impose the two prison priors even though Brandenburg admitted to those, but it would impose two years local custody and half-time credits. The trial court stated that its intention was to deny probation and pronounced Brandenburg's sentence of two years.

The trial court then asked Brandenburg if he understood the terms and conditions of the sentence, and, after a brief pause off the record, the following occurred between defense counsel, the trial court and Brandenburg:

> "[COUNSEL]: My client would like the Court to know he's been on mental health medication throughout these proceedings. If Your Honor wants to ask the question again, the Court may. I don't know how Mr. Brandenburg wishes to proceed then.
>
> "THE COURT: I've read the report, folks, and I considered all that's in the report. And I know Mr. Brandenburg's disappointed, but there's a ton of criminal history, Mr. Brandenburg, and opportunity to do a program, and you haven't taken advantage of that opportunity.
>
> "[BRANDENBURG]: I had one opportunity, Your Honor.
>
> "THE COURT: No, you have a lifetime of opportunity.
>
> "[BRANDENBURG]: I'm saying I've only been given one program.
>
> "THE COURT: But you, as a human being, can access a program to assist you. I'm sorry. [¶] Do you understand and agree to these terms and conditions of sentence?
>
> "[BRANDENBURG]: No.
>
> "THE COURT: Well, do you understand what's going on?
>
> "[BRANDENBURG]: No.

4.

"THE COURT: See, that's an example of exactly why I'm treating the case the way I am.  [¶] … [¶]

"[BRANDENBURG]: I'm not aware of what's going on right now, Your Honor.  I have not been fully explained to what this whole thing entails.

"THE COURT: Then you can speak with counsel.  You've been sentenced to local custody for two years straight without supervision.  And I've explained the reasons for it, the long history of activity.  And I considered the program, Salvation Army.  I've given it several times.  It's a case-by-case basis.  I don't find unusual circumstances.

"[COUNSEL]: Sir, do you understand the words that the judge has said to you today?

"[BRANDENBURG]: No, I don't.

"[COUNSEL]: You don't understand the words I'm saying to you now?

"[BRANDENBURG]: Yeah.

"[COUNSEL]: Then what didn't you understand when the judge was talking to you?

"[BRANDENBURG]: Nothing.

"[COUNSEL]: So you understand the words, you just don't agree with it.

"[BRANDENBURG]: No, man.  That's not what it is.

"[COUNSEL]: Your Honor—

"THE COURT: I'm going to leave it at that.  You have the right to appeal this sentence within 60 days of today's date by filing a Notice of Appeal up on the fourth floor of this courthouse.  You have the right to a free attorney if you can't afford one.  You have the right to a free transcript of the relevant court proceedings to assist you in the appellate process."

At this point, the prosecutor stated, "Judge, I feel that I have an obligation to ask this Court to suspend criminal proceedings pursuant to 1368 if he's stating that he can't understand the statements of the Court and/or the terms of his sentence."

5.

However, Brandenburg's counsel then stated that he felt "like this is his anger coming out. His frustration. His disappointment. He has answered the Court correctly at all stages of this case. He has spoken with enough eloquence that he is understood by all parties. I don't think 1368 is appropriate at this time."

The trial court agreed and stated, "I don't think so, either. I think Mr. Brandenburg is frustrated. And I'm not trying to hurt him, I'm trying to do the right thing. And he disagrees with it and he's upset…." The trial court continued, stating "He understands what's going on." The trial court then address Brandenburg and stated, "[W]e can argue this again and again. Don't put yourself in jail. If you don't want to do—fix things in jail, don't put yourself in jail. Because you put yourself in jail, I didn't. I want you to be okay. [¶] Do you understand your appellate rights?" Brandenburg answered, "Yup."

*Applicable Law and Analysis*

A criminal trial of an incompetent person violates his or her federal due process rights. (*Cooper v. Oklahoma* (1996) 517 U.S. 348, 354.) The state Constitution and section 1367 similarly preclude a mentally incompetent defendant's criminal trial or sentencing. (§ 1367, subd. (a) ["A person shall not be tried or adjudged to punishment ... while ... mentally incompetent"]; *People v. Lightsey* (2012) 54 Cal.4th 668, 691 (*Lightsey*).) A defendant is incompetent to stand trial if the defendant lacks " 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding ... [or] a rational as well as factual understanding of the proceedings against him.' " (*Dusky v. United States* (1960) 362 U.S. 402; *Lightsey, supra*, at p. 691 ["[s]tate constitutional authority is to the same effect" as *Dusky*].)

Under section 1368, subdivision (a), a judge must state on the record any doubt that arises in his or her mind as to the mental competence of the defendant, and either seek defense counsel's opinion as to the defendant's mental competency, or appoint counsel if the defendant is unrepresented. The decision whether to order a competency

6.

hearing rests within the trial court's discretion, and may be disturbed upon appeal "only where a doubt as to [mental competence] may be said to appear as a matter of law or where there is an abuse of discretion." (*People v. Pennington* (1967) 66 Cal.2d 508, 518.) When the court is presented with "substantial evidence of present mental incompetence," however, the defendant is "entitled to a section 1368 hearing as a matter of right." (*Ibid.*)

On review, our inquiry is focused not on the subjective opinion of the trial judge, but rather on whether there was substantial evidence raising a reasonable doubt concerning the defendant's competence to stand trial. (*People v. Welch* (1999) 20 Cal.4th 701, 737–738.) Evidence may be substantial even where it is contested or presented by the defense. (*Lightsey, supra,* 54 Cal.4th at p. 691.) A trial court reversibly errs if it fails to hold a competency hearing when one is required under the substantial evidence test. (*Ibid.*)

To raise a doubt under the substantial evidence test, courts require more than " 'mere bizarre actions' or statements, or even expert testimony that a defendant is psychopathic, homicidal, or a danger to him- or herself and others." (*People v. Mickel* (2016) 2 Cal.5th 181, 202.) The focus of the competence inquiry is on a "defendant's understanding of the criminal proceedings against him or her and the ability to consult with counsel or otherwise assist in his or her defense." (*Ibid.*)

Brandenburg claims the trial court was obligated to hold a full competency hearing, based on his counsel's statement that he was on mental health medication "throughout the proceedings"[3], his inability to understand the proceedings, and the prosecutor's request to halt the proceedings to hold a section 1368 hearing.

However, there is nothing in the record that provides substantial evidence that, at the time of the sentencing hearing, Brandenburg was incapable of understanding the

---

[3] The probation report stated that he was on a medication for anxiety.

7.

proceedings or assisting in his own defense. When read in context, as detailed above, the record reveals that the prosecutor felt his request was "an obligation" if Brandenburg did not understand the terms of his sentence. Defense counsel never expressed any doubt or concern regarding Brandenburg's competency and disagreed with the prosecutor, stating that Brandenburg's insistence that he did not understand was based on his "anger," "frustration," and "disappointment." The trial court agreed with defense counsel.

We find no abuse of discretion on the part of the trial court in not holding a section 1368 hearing and reject Brandenburg's claim to the contrary.

## II.     PRISON TERM PRIORS

Brandenburg also argues that the prison term prior enhancements in this case must be stricken considering Senate Bill No. 136, which amended section 667.5, subdivision (b) to eliminate the one-year prior prison term enhancement for all felonies except for those served for a sexually violent felony. We agree with respondent that this issue is moot because the trial court specifically held that the two prison term prior enhancements here be stricken as part of the current sentence.

At pronouncement of sentence on September 4, 2019, the trial court specifically stated, "And you admitted two prison priors, but I'm not going to—I'm not going to impose that. It's going to be two years local custody. You get half-time credits." The minute order of September 4, 2019, states that the trial court sentenced Brandenburg to the middle term of two years and that the two prison priors were stricken.

The abstract of judgment, however, makes no mention of the prison priors. Since the abstract of judgment should be consistent with the trial court's oral pronouncement of sentence, we remand for the limited purpose of amending the abstract of judgment to reflect that the two prison priors were stricken. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

## DISPOSITION

The trial court is directed to amend the abstract of judgment to reflect that two prison priors under section 667.5, subdivision (b) are stricken.  The trial court shall send an amended abstract of judgment to the Department of Corrections.  In all other respects, the judgment is affirmed.